IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

CHARLIE TIMOTHY JANES, SR.,

   Petitioner,

vs.            CIVIL ACTION NO. CV205-067

JOSE VAZQUEZ, Warden,

   Respondent.

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner Charlie T. Janes ("Janes"), an inmate currently incarcerated at the Federal Correctional Institution in Jesup, Georgia, has filed a petition for writ of habeas corpus pursuant to the provisions of 28 U.S.C.A. § 2241. Respondent filed a Response, and Janes has filed a Traverse. For the reasons which follow, Janes' petition should be **DISMISSED**.

## STATEMENT OF THE CASE

Janes was convicted in the Southern District of Florida for possession with intent to distribute cocaine and carrying a firearm during the commission of a drug trafficking offense, in violation of 21 U.S.C.A. § 841(a)(1) and 18 U.S.C.A. §§ 2 and 924(c). He was sentenced to 30 years' imprisonment[1] and four years' supervised release. (Gov't's Ex. 1.)

---

[1] Government's Exhibit 1 indicates that Janes was sentenced to "30 years 63 months" imprisonment. The undersigned is unfamiliar with sentencing notations such as this; however, the meaning of this notation is unimportant to the undersigned's analysis.

AO 72A
(Rev. 8/82)

Janes filed a motion to vacate his sentence in the Southern District of Florida pursuant to 28 U.S.C.A. § 2255, which was denied, as was a motion for reconsideration. Janes filed an appeal; the Eleventh Circuit Court of Appeals dismissed his appeal. (Resp., pp. 3-4.) Janes then filed a petition for writ of habeas corpus in this District, and the Honorable Anthony A. Alaimo ordered that the case be transferred to the Southern District of Florida. The Southern District of Florida determined that Janes' petition was a successive section 2255 motion and dismissed his petition.

In the instant petition, Janes contends that the federal Government is subjecting him to involuntary servitude. Specifically, Janes asserts that the place where he was arrested is within the State of Florida, and, accordingly, the federal Government was without authority to arrest him. Janes alleges that he is entitled to immediate release from the custody of the federal Government.

Respondent asserts that Janes' petition is more appropriately characterized as a § 2255 motion challenging his conviction. Respondent also asserts that Janes does not satisfy the savings clause of section 2255, and his petition should be dismissed.

## DISCUSSION AND CITATION OF AUTHORITY

Ordinarily, a petition collaterally attacking a conviction is filed under 28 U.S.C.A. § 2255 in the district of conviction. 28 U.S.C.A. § 2255; Sawyer v. Holder, 326 F.3d 1363, 1365 (11th Cir. 2003). However, in those instances where a section 2241 petition attacking custody resulting from a federally imposed sentence is filed, those § 2241 petitions may be entertained where the petitioner establishes that the remedy provided under 28 U.S.C.A. § 2255 "is inadequate or ineffective to test the legality of his detention." Wofford v. Scott, 177 F.3d 1236, 1238 (11th Cir. 1999). Section 2255 provides:

2

> An application for a writ of habeas corpus [pursuant to 28 U.S.C.A. § 2241] in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, *unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.*

28 U.S.C.A. § 2255, ¶ 5 (emphasis supplied). The petitioner bears the initial burden of presenting evidence that affirmatively shows the inadequacy or ineffectiveness of the § 2255 remedy. Accardi v. Blackwell, 412 F.2d 911, 914 (5th Cir. 1969).[2]

Janes has styled his action as a petition for writ of habeas corpus filed pursuant to 28 U.S.C.A. § 2241. Janes offers no explanation as to why section 2255's remedy is inadequate or ineffective.

Courts which have addressed whether remedies under § 2255 are inadequate or ineffective have found them to be so in very limited circumstances. See In re Dorsainvil, 119 F.3d 245, 248-49 (3d Cir. 1997) (holding that § 2255 remedy inadequate when intervening change in law decriminalizes conduct and petitioner is barred from filing successive petition); Cohen v. United States, 593 F.2d 766, 771 n.12 (6th Cir. 1979) (holding that § 2255 remedy ineffective where petitioner was sentenced by three courts, none of which could grant complete relief); Stirone v. Markley, 345 F.2d 473, 475 (7th Cir. 1963) (explaining that § 2255 remedy potentially ineffective where sentencing court refused to consider a § 2255 petition or unreasonably delayed consideration of petition); Spaulding v. Taylor, 336 F.2d 192, 193 (10th Cir. 1964) (holding that § 2255 remedy ineffective when

---

[2] In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981)(en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to October 1, 1981.

3

sentencing court was abolished). None of the circumstances of these cases exists in the case *sub judice*.

To successfully use a § 2241 petition to circumvent the procedural restrictions of a § 2255 motion, a petitioner must satisfy the savings clause of § 2255. The savings clause of § 2255:

> applies to a claim when: 1) that claim is based upon a retroactively applicable Supreme Court decision; 2) the holding of that Supreme Court decision establishes the petitioner was convicted for a nonexistent offense; and 3) circuit law squarely foreclosed such a claim at the time it otherwise should have been raised in the petitioner's trial, appeal, or first § 2255 motion.

Wofford, 177 F.3d at 1244.

Janes has failed to present evidence that his claims are based on a retroactively applicable Supreme Court decision or that he was foreclosed on a previous occasion from making the same allegations as he does in the instant petition. The remedy afforded by section 2255 cannot be deemed to be inadequate or ineffective to challenge the legality of his detention simply because Janes was unsuccessful in his previously filed pleadings.

In sum, Janes cannot circumvent the requirements for § 2255 motions by styling his petition for habeas corpus as filed pursuant to § 2241. "[W]hen a federal prisoner's claims fall within the ambit of § 2255, the prisoner is subject to that section's restrictions." Medberry v. Crosby, 351 F.3d 1049, 1061 (11th Cir. 2003). Janes is doing nothing more than "attempting to use § 2241. . . to escape the restrictions of § 2255." Wofford, 177 F.3d at 1245.

4

## CONCLUSION

Based on the foregoing, it is my **RECOMMENDATION** that Janes' petition for writ of habeas corpus (Doc. No. 1), filed pursuant to 28 U.S.C.A. § 2241, be **DISMISSED**.

**SO REPORTED** and **RECOMMENDED**, this 7th day of October, 2005.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev. 8/82)